CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 14 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Criminal No. 7:06-CR-00010 |
| v. | ) |
| | ) |
| | ) MEMORANDUM OPINION |
| ANTHONY DIONTE REDDICKS. | ) |
| | ) By: Samuel G. Wilson |
| | ) United States District Judge |

The defendant, Anthony Dionte Reddicks, is charged with possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Reddicks has moved to suppress evidence from the search of his residence. He contends that the search warrant that authorized the search was not supported by probable cause and was based on an intentionally or recklessly false affidavit. Having held an evidentiary hearing, the court finds that the search warrant affidavit contains neither an intentionally false statement nor one that was made in reckless disregard for the truth and that the search warrant was executed in good faith. Accordingly, the court denies Reddicks' motion.

## I.

On January 31, 2006, Roanoke City Police Detective J.D. Carter applied to a Roanoke, Virginia, magistrate for a search warrant to search the Reddicks residence. Carter's affidavit stated the following, in part:

> Within the past 72 hours a reliable confidential informant was at the residence to be searched and observed an unknown [black male] possess and offer for sale an amount of off white chunk substance. The [black male] indicated to the informant that the off white chunk substance was crack cocaine. The informant is an

1

admitted drug user and is familiar with the packaging and appearance of crack cocaine.

Within the past several years the reliable confidential informant has given information leading to the arrest and conviction of four people for narcotics distribution, possession, and weapons law violations. The reliable confidential informant has also given information which led to the arrest of a federal fugitive. All information has been corroborated in whole or in part by the detectives.

Carter and other police officers executed the search warrant the same day and found crack cocaine in Reddicks' bedroom.

On May 31, 2006, the court held an evidentiary hearing. Reddicks' father testified that only two family friends had visited the residence in the 72 hours prior to the issuance of the search warrant, and, thus, that the informant must have lied about visiting the home and observing an unknown black male offering to sell crack cocaine. Carter testified that he met with the informant face-to-face, that he receives information from the informant on an almost daily basis, and that the informant has provided information for approximately 25 drug-related arrests in the past five years. Carter explained that in the search warrant affidavit he *understated* the number of arrests stemming from the informant's prior tips in order to maintain the anonymity of the confidential informant. Carter also testified that he believed the search warrant to be valid when he executed it.

## II.

Reddicks contends that Carter's informant could not have visited his residence at the time stated in the affidavit. It follows, Reddicks argues, that Carter included false information in his affidavit, that this false information was essential to a finding of probable cause, and that, pursuant to Franks v. Delaware, 438 U.S. 154 (1978), the warrant is void. The court finds that

2

Carter is a credible witness; that he attempted to accurately report the confidential informant's tip in the search warrant affidavit; and that the affidavit contains neither an intentionally false statement nor one that was made in reckless disregard for the truth. Accordingly, the court denies Reddick's Franks motion.

"[I]n certain narrowly defined circumstances a defendant can attack a facially sufficient affidavit." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (citing Franks v. Delaware, 438 U.S. 154 (1978)). To obtain an evidentiary hearing on the affidavit's integrity, "a defendant must first make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" Id. "In addition, the false information must be essential to the probable cause determination." Id. If the defendant can make this preliminary showing and at the Franks hearing can establish the affiant's "material perjury or recklessness" by a preponderance of the evidence, "the warrant 'must be voided' and evidence or testimony gathered pursuant to it must be excluded." Id. Moreover, if a warrant violates Franks, it is not subject to the Leon good-faith exception to the exclusionary rule. Id.

In support of his Franks motion, Reddick points to his father's testimony that the informant could not have visited the residence during the stated time period. However, the question is not whether the informant lied or misstated what he observed, but rather, whether Carter, the affiant, made an intentionally false statement or a statement in reckless disregard for the truth, and the court finds that he did not.[1] The court finds that, in his search warrant affidavit,

---

[1] Even if the court credits Reddicks' father's testimony, the most the court can infer is that Reddicks' father was unaware of other visitors to the residence. Certainly, Reddicks' father cannot claim to know whether someone visited the home while he was asleep.

3

Carter did not fabricate or exaggerate what the informant told him or the facts recited as supporting the informant's reliability. Although Carter's affidavit states in conclusory fashion that "[a]ll information has been corroborated in whole or in part by the detectives," the court finds that the statement was neither intentionally false nor made with a "reckless disregard for the truth." Rather, it was simply Carter's view that the information was consistent with his information. The statement was not designed to mislead. See Colkley, 899 F.2d at 301 (stating that "Franks protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*" and that "mere negligen[ce] in . . . recording the facts relevant to a probable-cause determination" is insufficient) (emphasis in original). Accordingly, the court denies Reddicks' Franks motion.

### III.

Reddicks also claims that the search warrant was not supported by probable cause. The court does not decide the question of whether the warrant was supported by probable cause because the court finds the evidence seized pursuant to the warrant is subject to the good-faith exception to the exclusionary rule. See United States v. Bynum, 293 F.3d 192, 194-95 (4th Cir. 2002) (stating that the court may exercise its discretion and proceed directly to a consideration of the Leon good-faith exception without deciding whether probable cause supported the warrant).

The court will only suppress the fruits of the search conducted under the authority of a warrant, "even a 'subsequently invalidated' warrant," upon a finding that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 195 (quoting United States v. Leon, 468 U.S. 897, 922 n. 23, (1984)). The court must determine whether the "affidavit was so lacking in indicia of probable cause as to

4

render official belief in its existence entirely unreasonable."[2] In doing so, "the court should examine the totality of the information presented to the magistrate." United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004) (quoting United States v. Legg, 18 F.3d 240, 244 n. 1 (4th Cir.1994)).

The good-faith exception does not apply to "bare bones" search warrant affidavits when the magistrate simply acts as a "rubber stamp." United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996). A "bare bones" affidavit is "one that contains 'wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause.'" Id. For example, in United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), the affiant stated that the unknown informant was a "concerned citizen" and a "mature person with personal connections with the suspects" who "projected a truthfull [sic] demeanor." Id. To corroborate the informant's tip, the officer only confirmed directions to the defendant's house and indicated that the informant's description of a marijuana transaction was consistent with the officer's knowledge. Id.

The court finds that Carter's affidavit is markedly different from the wholly conclusory "bare bones" affidavit the Fourth Circuit found deficient in Wilhelm. In his affidavit, Carter stated that the confidential informant had provided information that led to four drug-related

---

[2]Under Leon, the court may also suppress the fruits of a warrant-supported search if the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; if "the issuing magistrate wholly abandoned his judicial role"; or if "a warrant [is] so facially deficient- i.e., in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S. at 923.

5

arrests and convictions and the arrest of a fugitive.[3] Although, as the court has noted, Carter's affidavit contains the conclusory notation that "[a]ll information has been corroborated in whole or in part by the detectives," this statement neither adds to nor detracts from the affidavit. More importantly, as the court has found, the statement was neither intentionally false nor made in reckless disregard for the truth but rather was simply Carter's view that the informant's information was consistent with his information. Accordingly, because the court finds that the affidavit was not a "bare bones" affidavit and that Carter was not dishonest or reckless in preparing the affidavit and reasonably believed that probable cause existed, the Leon good-faith exception applies, and the court denies Reddicks' motion to suppress. See United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) ("Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'").

## IV.

For the reasons stated herein, the court denies Reddicks' motion to suppress.

**ENTER:** This 14th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Here, Carter understated the extent of the informant's reliability in the search warrant affidavit. Unlike cases in which officers exaggerate an informant's reliability in order to receive a search warrant, Carter did not make this understatement in bad faith or with the intent to mislead the magistrate.