CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 24 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:06-CR-10 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY DEONTA REDDICKS, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Anthony Deonta Reddicks filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced from 240 months to 120 months, which will result in his immediate release. ECF No. 84. The government does not contest that Reddicks is eligible for a reduction in his sentence and suggests that his sentence be modified to time served, followed by an 8-year term of supervised release. The government asks that if a reduction in Reddicks's sentence results in his immediate release, that the judgment be stayed for ten days to allow the Bureau of Prisons sufficient time to process his release. ECF No. 89. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Reddicks's request and modify his sentence to 120 months, but not less than time served, to be followed by an 8-year term of supervised release. The judgment will be stayed for ten days if the Bureau of Prisons determines that Reddicks is entitled to immediate release.

### I.

On June 26, 2006, a jury found Reddicks guilty on one count of possessing with intent to distribute more than 50 grams of cocaine base. ECF Nos. 10, 43. At the time he was

sentenced, the statutory minimum and maximum terms of imprisonment based on 50 grams of cocaine base were 10 years and life. However, because the government had filed a notice of enhancement under 21 U.S.C. § 851, based on a 2005 felony drug conviction, the statutory mandatory minimum and maximum terms were 20 years and life. 21 U.S.C. § 841(b)(1)(A) (2006); ECF Nos. 29, 82.

Reddicks's base offense level from the sentencing guidelines was 32, based on 65.1 grams of cocaine base. He received no adjustments, making his total offense level 32. ECF No. 82. With a criminal history category of III, he had an advisory guidelines range of 151 to 188 months. U.S.S.G. Ch. 5, Part A; ECF Nos. 82, 83. On September 6, 2006, Reddicks was sentenced to the statutory minimum term of 240 months imprisonment to be followed by a 10-year term of supervised release. ECF Nos. 46, 83. Reddicks has served approximately 156 months and his projected release date is December 4, 2023. ECF No. 83.

At the time Reddicks was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger

the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Reddicks. Because he was responsible for possessing 65.1 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2007, Reddicks would have faced a minimum sentence of five years and a maximum sentence of forty years.[1] Taking into account the § 851 enhancement, he would have faced a minimum sentence of 10 years and a maximum of life. 21 U.S.C. § 841 (b)(1)(B). Under the guidelines, his total offense level would have been 24. U.S.S.G. §2D1.1(c)(8). With a criminal

---

[1] The Addendum to the PSR assumes that it is the quantity of cocaine base for which a defendant is responsible, rather than the amount for which he has been convicted, that determines the new offense level and guideline range. ECF No. 83 at 3. Reddicks did not address the issue, but relied upon and urged the court to adopt the analysis in the Addendum to the PSR. ECF No. 84. Because Reddicks would be entitled to an amended sentence of 120 months regardless of whether the offense level was based on the amount of cocaine base for which he was convicted or for which he was held responsible, the court makes no determination in this case as to which amount is contemplated by the First Step Act to be used in resentencing.

history category of III, the corresponding advisory range for offense level 24 is 63-78 months of imprisonment. U.S.S.G. Ch. 5 Pt. A.

Had Reddicks been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 120 months followed by an 8-year term of supervised release, based on the drug amount plus the § 851 enhancement. 21 U.S.C. § 841(b)(1)(B). Thus, an appropriate sentence for Reddicks under the First Step Act would be 120 months, followed by an 8-year term of supervised release. Because Reddicks has served approximately 156 months, it appears that he is entitled to immediate release.

### III.

For the reasons stated above, the court will **GRANT** Reddicks's motion to reduce his sentence, ECF No. 84, and modify his sentence to a total period of 120 months, but not less than time served, to be followed by an 8-year term of supervised release. The court finds the sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. The Bureau of Prisons is directed to recalculate Reddicks's release date based on his amended sentence of 120 months and release him if he has fully served his sentence.

An appropriate Order and amended judgment will be entered. If Reddicks is entitled to immediate release, judgment will be stayed for ten days to give the Bureau of Prisons sufficient time to process his release.

It is so **ORDERED**.

Entered: 04/23/2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge